IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger

Civil Action No. 17-cv-02548-MSK-NRN

LEONARD ENGLISH,

    Plaintiff,

v.

SMALL BUSINESS ADMINISTRATION, and
CHRIS PILKERTON, Acting Administrator of the Small Business Administration,[1]

    Defendants.

---

## OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION

---

**THIS MATTER** comes before the Court pursuant to Mr. English's Motion to Alter Judgment **(# 55)**, which seeks reconsideration of the Court's August 8, 2019 Opinion and Order **(# 52)** granting the Defendants' ("SBA") motion for summary judgment, the SBA's response **(# 57)**, and Mr. English's reply **(# 58)**.

The Court assumes the reader's familiarity with the proceedings to date and the contents of the Court's August 8, 2019 Order, and the Court will not materially summarize those matters. It is enough to note that Mr. English alleges that his discipline and termination by the SBA was the result of discrimination based on his race and retaliation for his having made numerous complaints against various co-workers and management. The Court found that Mr. English

---

[1]     At Mr. English's request, the Court modifies the caption in this case to reflect the current head of the SBA as a party.

1

could not show that the reasons given by the SBA for his termination (and any prior disciplinary acts that could amount to adverse employment actions) were not pretextual.

On September 3, 2019, Mr. English filed a lengthy motion **(# 55)** that requests reconsideration of various aspects of the Court's August 8 Order. Because that motion was filed within 28 days after entry of judgment, the Court treats it as one pursuant to Fed. R. Civ. P. 59(e). Relief under Rule 59(e) is reserved for extraordinary circumstances and is not an opportunity to re-argue issues already addressed or to advance arguments that could have been raised in prior briefing. Rather, it is appropriate only where there has been an intervening change in the controlling law, where previously-unavailable evidence has been discovered, or where there is a need to prevent manifest injustice because the court has misapprehended the facts, a party's position, or the controlling law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Mr. English repeatedly references the fact that Mr. Gibbs, the SBA official that ultimately approved of Mr. English's termination, stated that he did not actually read an April 24, 2016 letter that Mr. English sent, in which Mr. English explained the reasons for his purported "self-removal" in April 2016. Mr. English notes that although he himself did not send a copy of the letter to Mr. Gibbs, evidence in the record indicates that other SBA officials may have provided Mr. Gibbs with a copy. Mr. English therefore argues that there is an "inconsistency" in Mr. Gibbs' claim to have not read the letter, and that that inconsistency should be construed as evidence that Mr. Gibbs' explanation for upholding Mr. English's termination was a pretext for discrimination or retaliation. The Court rejects this argument. The record reflects that Mr. Gibbs read and considered Mr. English's written response to the termination notice. The fact that Mr. English subsequently wrote <u>another</u> letter addressing the same subject matter and sent that letter

2

to other officials – a letter that Mr. Gibbs might have ultimately obtained indirectly -- does not suggest that Mr. Gibbs overlooked critical information or failed to fully appreciate Mr. English's position regarding the allegations against him. Quite to the contrary, as Mr. Gibbs' termination decision notes, "the facts concerning the events" that led to Mr. English's termination "are largely undisputed" (and Mr. English's April 24, 2016 letter does not materially dispute the underlying facts). To the extent Mr. English contends that Mr. Gibbs is simply lying when he states that he did not read Mr. English's letter, Mr. English has not come forward with any evidence to suggest that Mr. Gibbs <u>did</u> actually read his letter; it is not uncommon for a reviewing official to receive but ignore stray submissions that fall outside an official record, particularly where that official already has a written statement from each party. And, in any event, even assuming that Mr. English is correct and Mr. Gibbs lied about not having read Mr. English's April 24, 2016 letter, the Court still concludes that such a fact would not suffice to demonstrate a triable issue of fact as to whether Mr. Gibbs' stated reasons for Mr. English's termination were a pretext for race discrimination or retaliation, particularly given that the facts of the underlying event were essentially undisputed and clearly constituted a legitimate basis for termination.

Mr. English's motion also repeatedly contends that Mr. Gibbs violated the "master agreement" – the union contract that contained the self-removal procedure at issue in the case – as well as "SOP 37 15," an SBA policy that prohibits workplace harassment. This Court's August 8, 2019 Order previously considered this general argument. As the Court explained, although an employer's deviation from a written policy can, in some circumstances, constitute evidence of pretext, Mr. English had not shown that any erroneous application by Mr. Gibbs of the self-removal provision in the master agreement was susceptible to such an interpretation. *See*

3

*generally* Docket # 52 at 13-14. The same analysis applies to Mr. English's argument that the SBA somehow violated SOP 37 15. Simply put, Mr. English may have evidence of some procedural irregularities in Mr. Gibbs' termination decision, but even taking that evidence in the light most favorable to Mr. English, those irregularities are not so significant and irrational as to permit an inference that they are a pretext for discrimination or retaliation.

The Court has considered the remainder of Mr. English's arguments and finds them to be without merit. Accordingly, his motion for reconsideration **(# 55)** is **DENIED**.

Dated this 18th day of December, 2019.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Senior United States District Judge